Dynamic Event Group, Inc. v Penske Truck Leasing Co., L.P. (2023 NY Slip Op 05444)

Dynamic Event Group, Inc. v Penske Truck Leasing Co., L.P.

2023 NY Slip Op 05444

Decided on October 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 26, 2023

Before: Webber, J.P., Moulton, González, Kennedy, JJ. 

Index No. 652160/21 Appeal No. 906 Case No. 2022-03916 

[*1]Dynamic Event Group, Inc., Plaintiff-Appellant,
v
Penske Truck Leasing Co., L.P., et al., Defendants-Respondents.

Vogrin & Frimet LLP, New York (Walter D. Santiago, Jr. of counsel), for appellant.
Duane Morris LLP, New York (Thomas R. Newman and Robert M. Palumbos of the bar of the Commonwealth of Pennsylvania, admitted pro hac vice, of counsel), for Penske Truck Leasing Co., L.P. and Penske Truck Leasing Corporation, respondents.
Lewis Brisbois Bisgaard Smith LLP, New York (Nicholas P. Hurzeler of counsel), for Old Republic Insurance Company, respondent.

Judgment, Supreme Court, New York County (Arlene R. Bluth, J.), entered August 17, 2022, dismissing the amended complaint, and bringing up for review an order, same court and Justice, entered August 4, 2022, which granted defendants' cross-motions for summary judgment dismissing the amended complaint and denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.
The court properly concluded that defendant Penske's tender of full payment of plaintiff's expenses and defense costs rendered the controversy moot (see Amherst & Clarence Ins. Co. v Cazenovia Tavern, 59 NY2d 983, 984 [1983]). The declarations plaintiff seeks to obtain no longer apply to the instant action and are relevant only to future actions involving the parties, which may or may not be filed, and which are beyond their control at this juncture. Plaintiff is seeking an advisory opinion concerning Penske's liability in the future and would gain nothing in the present action if the court granted the declarations it seeks (see Technology Ins. Co. v First Mercury Ins. Co., 194 AD3d 530, 531 [1st Dept 2021], lv denied 38 NY3d 902 [2022]).
Exceptions to the mootness doctrine do not apply here because it is not certain that the issue will recur in future actions between these parties since recurrence depends on the happening of another accident caused by plaintiff's negligence and, in that event, Penske may again elect to fully compensate plaintiff for its expenses and defense costs.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2023